UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN LOUISE BONNING,

    Plaintiff,

v.                        Case No:  2:23-cv-516-JES-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. #19), filed on July 31, 2024, recommending that the Decision of the Commissioner be affirmed. Plaintiff filed an Objection to the Report and Recommendation (Doc. #20) on August 14, 2024. For the reasons set forth below, the Court overrules the Objection, adopts the Report and Recommendation, and affirms the decision of the Commissioner.

**I.**

A district court must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made and to matters of law. See 28 U.S.C. § 636(b)(1). The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Walker v. Soc. Sec. Admin., Comm'r,

987 F.3d 1333, 1338 (11th Cir. 2021); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315, 1320 (11th Cir. 2021); Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1060 (11th Cir. 2021). Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Buckwalter, 5 F.4th at 1320; Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1104 (11th Cir. 2021); Buckwalter, 5 F.4th at 1320. The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Pupo, 17 F.4th at 1060.

## II.

Following the familiar five-step process[1] applicable to applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (SDI), the Administrative Law Judge (ALJ) found:

---

[1] Pupo, 17 F.4th at 1057.

Step One:  Plaintiff has not engaged in substantial gainful activity since February 1, 2020, the date plaintiff alleged her disability began.  (Tr. 10, 13.)

Step Two:  Plaintiff has the following severe impairments which significantly limit her ability to perform basic work activities: degenerative disc disease of the lumbar, cervical, and thoracic spine, supraventricular tachycardia (SVT), cerebral hemangioma resection, and seizure disorder.  (Tr. 13.)  The ALJ also considered the non-severe impairments of Vitamin D deficiency, chronic obstructive pulmonary disease (COPD), hearing disorder, headaches/migraines, and history of a broken left wrist. (Tr. 14.)

Step Three: Plaintiff's impairments or combination of impairments did not meet or equal the medical severity criteria establishing disability.  (Tr. 21.)  The ALJ found "little evidence of muscle atrophy, joint ossification or decreased strength. In fact, most of the physical evaluations revealed that the claimant ambulated normally and without any assistance or assistive device."  (Id.)

Before proceeding to Step Four, the ALJ determined that plaintiff's past relevant work as an office manager/clerk was classified as light work.  The ALJ also found, however, that as it was actually performed by plaintiff, it was sedentary work.

Step Four:  Plaintiff had the residual functional capacity (RFC) to perform sedentary work, with the following limitations: plaintiff "can never climb ladders, ropes or scaffolds, or crawl. She can occasionally climb ramps or stairs, and stoop. She may frequently, bilaterally, overhead reach. She is limited to only occasional concentrated exposure to extreme heat, cold, wetness, humidity, excessive very loud noise [such as the volume of a jack hammer], excessive vibration, bronchial irritants such as noxious fumes, odors, dust and gases, poorly ventilated areas, dangerous moving machinery, and unprotected heights."  (Tr. 22.)

Step Five:  Relying in part on the testimony of a vocational expert, the ALJ found that plaintiff could perform her past job as actually performed at a sedentary exertional level.  Therefore, plaintiff was not disabled.  (Tr. 28-29.)

*II.*

Plaintiff's Objection asserts that the magistrate judge erred in concluding that the ALJ fulfilled his duty to develop the record as to the requirements of plaintiff's past relevant work as an office manager/clerk.  Plaintiff states that there was a material unresolved discrepancy between her testimony about the exertional efforts required by this past work and the description of the exertional efforts set forth in plaintiff's work history report.  Plaintiff further asserts that the ALJ had a duty to resolve this conflict, but failed to do so, resulting in a violation of the

ALJ's duty to develop the record.  As a result, plaintiff argues, the ALJ's Step Four determination is not supported by substantial evidence, plaintiff was no longer able to perform her past relevant work, and she was therefore disabled.  Plaintiff argues that the magistrate judge's conclusions to the contrary are therefore erroneous.  (Doc. #20 at 7.)

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record."  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  In other words, "the ALJ has an affirmative obligation to identify any "apparent" conflict and to resolve it."  Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1362 (11th Cir. 2018).  The ALJ's duty to develop the record is not boundless, but the record must contain "sufficient evidence for the [ALJ] to make an informed decision."  Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1269 (11th Cir. 2007).  This duty includes an ALJ's obligation to develop a full and fair record of the physical requirements and demands of the claimant's past work.  Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987); Holder v. Soc. Sec. Admin., 771 F. App'x 896, 899 (11th Cir. 2019).  The Court's independent review of the record establishes that the ALJ complied with the obligation in this case.

Plaintiff was 61 years old as of the February 4, 2022, hearing before the ALJ.  Plaintiff's relevant past employment was as an

office assistant for a merchant credit card service. This required customer service over the phone and billing, but no supervision of other employees. The ALJ developed the requirements of this past relevant work by:

- Having plaintiff complete a Work History Report (Tr. 361) dated July 3, 2020. In this Report plaintiff stated that the job required her to lift 10-20 pounds frequently, with 20 pounds being the most she lifted. (Tr. 362.)

- Asking plaintiff at the February 4, 2022, hearing to describe the exertional requirements of this job. Plaintiff testified that her prior work required her to carry a lot of files, but up to 5 pounds. (Tr. 78-79.) Plaintiff further testified that the heaviest amount of weight that she thought she could lift, and carry was "Maybe ten, fifteen pounds at the most." (Tr. 70.)

- Obtaining the testimony of a vocational expert regarding plaintiff's previous employment. The vocational expert found that the job would be classified as an office manager, which constituted light work if the job was performed as stated in the Work History. The vocational expert further found that the job would constitute sedentary work if the job was performed as stated by plaintiff at the hearing with only five pounds. (Tr. 80, 81.)

- Allowing plaintiff's counsel to ask follow-up question regarding the classification of plaintiff's past relevant work. (Tr. 81-82.)

- Determining that plaintiff's counsel did not object to the classification of the past relevant work as sedentary.[2] (Tr. 82.)

- Asking the vocational expert witness hypothetical questions based on the past relevant work alternatively being light work or sedentary work. (Tr. 82-87.)

- Finding that plaintiff was not capable of performing her past relevant work as generally performed because it contradicted the vocational expert's opinion that plaintiff was not capable of performing her past relevant work as generally performed but could as *actually* performed. (Tr. 26-27, 84.)

- Determining that plaintiff's work history, testimony, and income records supported past relevant work as an office manager/clerk; that such work was classified as light work, but that plaintiff performed that work as sedentary work. (Tr. 28, 81.)

---

[2] The Magistrate Judge alternatively found waiver because plaintiff did not object to the classification. (Doc. #19 at 11.)

- Resolving the conflict in the DOT description and how the job was actually performed by favoring plaintiff's testimony at the hearing because she stated that she performed her past relevant work by not lifting more than five pounds, resulting in it being sedentary work.  (Tr. 81.)

In the Report and Recommendation, the Magistrate Judge found that "the ALJ found that Bonning had past relevant work, including work as an 'office manager/clerk' [] Although this is a 'light' occupation, the ALJ found Bonning performed it as a sedentary job. Thus, the ALJ concluded Bonning remained able to work as an officer manager/clerk as actually performed."  (Doc. #19 at 6) (internal citation omitted).  After an independent review, the Court agrees with these findings and the recommendations in the Report and Recommendation.  Given this determination, the Court need not consider the Report and Recommendation's alternative waiver finding.

Accordingly, it is now

**ORDERED:**

1.   The Report and Recommendation (Doc. #19) is **accepted and adopted** by the Court.

2.   Plaintiff's Objection (Doc. #20) is **OVERRULED**.

3.   The Decision of the Commissioner of Social Security is **affirmed**.

    4.   The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __18th__ day of September 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Nicholas P. Mizell
U.S. Magistrate Judge

Counsel of Record